UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


LENA C. HARVILLE                                                    PLAINTIFF


v.                                                        NO. 3:13-CV-4176-CRS


CAROLYN W. COLVIN,
Acting Commissioner of Social Security                             DEFENDANT


## MEMORANDUM OPINION

This matter is before the court on the motion of the plaintiff, Lena C. Harville, for

attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in connection with her

counsel's successful appeal from the denial of social security benefits.  (DN 20).

The Commissioner does not dispute Harville's request for an award of attorney fees

under the EAJA or the number of hours (32.80) for which Harville's counsel seeks a fee.  The

Commissioner does object to the hourly rate of $186.91 which Harville's counsel proposes as a

reasonable rate for his services in this case.

The Commissioner requests that the court award a fee at an hourly rate of $125.00 per

hour.  28 U.S.C. § 2412(d)(2)(A) states that "The amount of fees awarded under this subsection

shall be based upon prevailing market rates for the kind and quality of the services furnished,

except that…attorney fees shall not be awarded in excess of $125 per hour unless the court

determines that an increase in the cost of living or a special factor, such as the limited availability

of qualified attorneys for the proceedings involved, justifies a higher fee."  Harville bears the

burden of justifying an hourly rate in excess of $125.00 per hour.  *Bryant v. Commissioner of

Social Security*, 578 F.3d 443, 450 (6th Cir. 2009).  Harville must "produce satisfactory evidence

– in addition to the attorney's own affidavits – that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant,* 578 F.3d at 450, *quoting Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Harville has failed to establish the prevailing market rate – counsel having voluntarily agreed to represent Harville in this court, the prevailing market rate is "that rate at which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices, at least where the lawyer's reasonable "home" rate exceeds the reasonable 'local' charge." *Adcock-Ladd v. Secretary of the Treasury*, 227 F.3d 343, 350 (6th Cir. 2000), *quoting Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *cert denied*, 525 U.S. 822, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998).

In support of the requested $186.91 per hour, Harville has submitted the affidavit of Harry J. Binder, senior partner and chief financial officer of the Law Offices of Harry J. Binder and Charles E. Binder, P.C., a New York law firm. The affidavit discusses the Consumer Price Index for the New York Metropolitan Area, comparing statistics for 1996 and 2013, and indicates that the firm's inherent cost of a case increased no less than 75% from 1996 to 2013. Binder averred that the firm's attorneys billed $225.00 per hour in 1996 and billed at the rate of $450.00 per hour in 2013. Thus Harville offers the case for a higher rate in New York for New York practitioners. But this begs the question of a reasonable rate for representation of Harville in this district.

Harville suggests "historical" rates "as high as $168.00 per hour" awarded in the district, citing to various decisions. DN 22, p. 3. Decisions from the Northern District of Ohio *McQuin v. Colvin* and *Butler v. Comm'r Soc. Sec.*) are of no assistance in discerning a reasonable rate in

the Western District of Kentucky.  In the case of *Coulter v. Colvin*, 2014 WL 4851769 (W.D.Ky. Sept. 29, 2014), the court found no historical rate, stating at *3 that it could find no specific hourly rate deemed "standard" in social security cases in the Western District of Kentucky at Bowling Green.  Instead, the court looked to an environmental law case for which a fee at a rate of $168.00 per hour was awarded under the EAJA.  After receiving a favorable decision on remand, the court granted counsel for Coulter a fee under § 406(a) at the rate of $145.00 per hour.

In *Turner v. Astrue*, 2008 WL 2950063 (E.D.Ky. July 30, 2008), also cited by Harville, the court awarded a fee at the rate of $125.00 per hour, noting that "Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement," and concluding that "plaintiff's counsel ha[d] not provided specific proof that the reasonable and customary attorney fee for comparable work in the Southern Division [of the Eastern District of Kentucky] exceeds $125.00 per hour." *Turner*, at *2.

The court finds, as in *Turner, supra.,* that  Harville has failed to provide specific evidence concerning fees charged by local social security practitioners for comparable work in Louisville.  However, we note that in November of 2013, this court awarded a fee at the rate of $140.00 per hour in *Murry v. Colvin*, Civil Action No. 3:12CV-56-CRS.  (DNs 29, 30, 31).  The plaintiff provided a decision of Judge Edward Johnstone who determined in 2007 that $140.00 per hour was reasonable for experienced Louisville metropolitan area practitioners who concentrate in social security disability work.  Significantly, the Commissioner responded to the motion for a fee at the rate of $140.00 per hour in the *Murry* case stating that it had no objection

to the rate.  DN 30, pp. 1-2.  The court awarded a fee at the rate of $140.00 per hour in the *Murry* case.  (DN 31).

While the objection of the Commissioner in the case at bar to the proposed hourly rate of $186.91 per hour is well taken, she does not suggest that the $125.00 per hour statutory fee reflects the market rate in this district.  The court concludes that a rate of $140.00 per hour which was shown in *Murry, supra* to be a reasonable and customary rate for social security practitioners in the Louisville metropolitan area, and to which the Commissioner had no objection, should be awarded in this case.

Harville's counsel seeks an award payable directly to him for services in this case. Counsel has provided a copy of a Retainer Agreement and Assignment.  However, in light of the United States Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the award is payable to Harville, the prevailing plaintiff.  *See Ratliff*, 130 S.Ct. at 2526 ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."); *Smith v. Astrue*, 2013 WL 1155521 (S.D.Ohio March 20, 2013)("growing consensus of courts within the Sixth Circuit that '[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees."); *Johnson v. Astrue*, 2012 WL 1014993 (March 23, 2012)(award to plaintiff).  The court will order that the award be made payable to Harville.  The United States has indicated that the Treasury Department may mail a check to Harville's counsel.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

January 2, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

-4.